NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

KEVIN K. THOMPSON,    )
            )
  Petitioner,     )
            )  Civil Action No. 6: 07-66-DCR
V.          )
            )
JEFF GRONDOLSKY, Warden, )  **MEMORANDUM OPINION**
            )    **AND ORDER**
  Respondent.   )
            )

**** **** **** ****

Kevin K. Thompson ("Thompson"), an inmate incarcerated at the Federal Correctional Institution in Manchester, Kentucky, has submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 and has paid the filing fee. [Record No. 2]  The matter is now before the Court for screening.  28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

As Thompson is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his petition are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

<u>BACKGROUND</u>

This petition is the second §2241 proceeding which Kevin Thompson has brought to this Court on the matter of the fine he was ordered to pay – and did pay – as part of his criminal judgment.  In July of 2006, after screening the first petition (*Thompson v. Grondolsky*, No. 6:06-CV-212-KKC), the Court noted the following with respect to the criminal case against the Petitioner filed in the United States District Court for the Western District of Kentucky:

> Thompson was convicted by a jury on December 23, 1996, of conspiracy to possess methamphetamine with intent to distribute and attempt to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §846.  On April 7, 1997, the district court sentenced Thompson to a term of incarceration of thirty years to life and ordered him to pay a fine of $25,000, payable immediately.  The Sixth Circuit affirmed his conviction on appeal on September 24, 1999.  The district court subsequently denied Thompson's motion to vacate his conviction and sentence under Section 2255 on April 18, 2002, a determination affirmed by the Sixth Circuit on March 29, 2004.

[Record No. 5]  (citing *U.S. v. Thompson*, W.D. Ky. No. 96-CR-17; Record Nos. 78, 104, 175, 241, 292).  Thompson attached  a copy of the criminal judgment to the previous (and current) petition.  This Judgment contains the assessment of the $25,000 fine and after which the following provision appears: "☒ The interest requirement is waived." [Judgment dated April 10, 1997]

The Petitioner also outlines the details of his payments toward the fine, most of which are not relevant to today's screening.  It is sufficient to state that he cooperated in making installment payments toward the fine up until February 11, 2002, when a lump-sum payment of $26,505.69 was made by an unidentified outside source.  The Petitioner received a letter from the United States Attorney for the Western District of Kentucky acknowledging the payment and

stating that the amount was sufficient to satisfy not only the remainder of the $25,000 court-ordered fine, but also $5,737.70 in penalties.

Thompson alleges that he did not question the imposition of penalties on his fine for more than three years (until June 2005) when he discovered a May 29, 1998 letter from the United States Attorney's Office which indicated that no penalties were owed.  He filed an informal grievance on July 5, 2005, to which a Bureau of Prisons ("BOP") staff member responded, "[a]fter reviewing page 5 of 7 of the J&C It appears to be self-explanatory that interest and penalties are waived."

On May 15, 2006, Thompson filed his previous §2241 petition, claiming that the financial error rose to a violation of his due process rights.  Through that petition, he asked the Court to "order the refund of the penalties."  Upon screening, on July 12, 2006, the Court dismissed the petition and entered Judgment against Petitioner, without prejudice, for his failure to exhaust the BOP administrative remedy process prior to filing his petition.  He did not appeal that *sua sponte* dismissal.

<u>THE CURRENT PROCEEDING</u>

It is clear from exhibits attached to the current petition that, after the dismissal of his previous petition, Thompson proceeded to exhaust the BOP administrative remedy process, seeking a return of the $5,737.70 overage prior to filing this action.  The response at the BOP's national level (Exhibit L) was issued on December 20, 2006.  On February 22, 2007, the Petitioner filed the current action.

The documents exchanged in the BOP process reveal that, at every level of the administrative process, the responding BOP officials agreed that Thompson had overpaid and

was entitled to a refund.  Further, they instructed him on what to do in order to obtain the refund. However, there is no indication in the administrative documents or the petition regarding whether the Petitioner has followed those instructions or received the refund.

Thompson does not request a refund through this petition.  Instead, he challenges the criminal judgment itself, describing it as impermissibly ambiguous, as is evident by the U.S. Attorney's Office and BOP's having "reached opposite conclusions in the manner in which petitioner's sentence is being executed."  Therefore, he contends, "[u]ntil the written Judgment is corrected or clarified by someone with the authority to do so, petitioner believes that the continued execution of his sentence is invalid and illegal."

To the extent that Thompson states that he seeks to obtain relief from continuing to serve a sentence which is allegedly "invalid and illegal" because of the ambiguous financial provision, he appears to seek release.  However, contradictorily, in the prayer of his petition, he states that what he seeks is an order transferring this petition to the trial court (i.e., the Western District of Kentucky at Bowling Green) so that the trial court may revise the Judgment.

As to relevant law, the Petitioner claims only that this challenge to the Judgment would ordinarily be brought pursuant to a motion to the trial court pursuant to 28 U.S.C. §2255, but he is entitled to seek relief in this Court pursuant to §2241 because his remedy by §2255 is inadequate and ineffective to challenge the legality of his current detention.  He explains that, at the time of his previous §2255 motion, the overpayment had not yet occurred and, therefore, he can challenge the Western District of Kentucky's Judgment via §2241.  In support, he cites §2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and *In re Hanserd*, 123 F.3d 953, 953-954 (6th Cir. 1981).

<u>DISCUSSION</u>

The Court is unable to follow the Petitioner's logic – and he points to no authority to support any version of his claims.  Somehow, the fact that staff at the United States Attorney's Office interpreted the payment of his fine to include penalties and that the BOP later pointed to the portion of the Judgment indicating no interest and determined that he was entitled to a refund, allegedly invalidates the entire Judgment and earns him release from serving the rest of his sentence.  However, the Court finds that it is not necessary to address whether there is any ambiguity in the Judgment, what the trial court's intent was, or the proper relief herein, as the Court has determined that the current petition does not state a claim which is cognizable through a habeas corpus petition pursuant to 28 U.S.C. §2241.

Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility.  *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).  But it is not generally available to challenge the underlying conviction or sentence itself.  Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. §2255 with the trial court.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The fifth paragraph of Section 2255, commonly called the "savings clause," does permit a prisoner to seek habeas corpus relief under Section 2241, but only if the remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention.  *See* 28 U.S.C. §2255, ¶5.  The Court liberally construes this petition and the Petitioner's use of the words "inadequate or ineffective" as intended to invoke Section 2255's savings clause.  *See Urbina*, 270 F.3d at 295.

However, before Thompson's claims may be considered on the merits under § 2241, the Court must determine whether his remedy under § 2255 is truly "inadequate or ineffective." Section 2241 is not a "catch all" remedy that may be invoked for simple convenience. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). The use of § 2241 is a narrow remedy available only to the rare habeas petitioner who carries the burden of demonstrating that his § 2255 remedy is truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Id.* at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under § 2255 and was denied relief. *Charles*, 180 F.3d at 756. The *Charles* Court also made clear that a prisoner also cannot satisfy the inadequate or ineffective requirement merely by demonstrating that he is time-barred from bringing a § 2255 motion. *Id.* at 757.

Subsequently, in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit addressed a question left unanswered in *Charles*: whether the savings clause may be properly invoked by a petitioner where his remedy under § 2255 is procedurally unavailable, and hence ineffective to raise a new claim, *and* where he claims "actual innocence." The court answered this question in the affirmative. A viable claim of "actual innocence" arises where the petitioner was convicted under a criminal statute, and thereafter the Supreme Court issues a decision that more narrowly interprets the terms of that statute. In such instances, there may arise a significant

6

risk that the petitioner was convicted of conduct that the law does not make illegal, and hence that the petitioner is "actually innocent" of the crime for which he was convicted.

By the express terms of the statute, § 2255 permits a petitioner to bring a second or successive § 2255 motion only (1) based upon newly-discovered evidence that casts significant doubt on petitioner's guilt of the offense, or (2) based upon a Supreme Court decision on constitutional law made retroactive to subsequently-filed cases. Because a Supreme Court decision interpreting a criminal statute does not fall within either of these exceptions, a prisoner like the petitioner in *Martin* cannot bring a second or successive § 2255 motion. Therefore, prisoners often try to use § 2241 to bring their claims before the court in the district where they are in custody.

Such appears to be the case here. According to the instant Petitioner's allegations, he has already filed the one §2255 motion to which all prisoners are entitled. Because he is not permitted a second § 2255 motion under the standards discussed in the preceding paragraph, he has brought his claim about the trial court to this Court, pursuant to §2241. The Court construes the petition as claiming this Court's jurisdiction to hear this claim under the savings clause; *i.e.*, because his remedy by a §2255 motion is inadequate and ineffective, this Court may hear it under its §2241 jurisdiction.

However, as stated previously, this Court may reach the merits of a challenge to a prisoner's conviction and/or sentence, under its §2241 jurisdiction, only when the prisoner makes showings: (1) that his or her remedy under § 2255 is inadequate or ineffective to challenge the legality of his/her conviction *and* (2) that he or she has a claim of actual innocence under an intervening Supreme Court case interpreting the criminal statute under which he/she

7

was convicted.  *Martin*, 319 F.3d at 804; *see In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004) (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause").[1]

This Court must, therefore, evaluate this Petitioner's claims under the analytical framework described above to determine whether he may challenge his conviction and sentence in a habeas corpus petition under § 2241, pursuant to the narrow authorization to do so in the savings clause of § 2255.  Having done so, the Court finds that Petitioner's allegations fail to pass the threshold test for such use of § 2241.

In the present case, the Petitioner has not established either of the prerequisites for using §2241.  *Charles* has explicitly held that a time bar or earlier unsuccessful §2255 motion does not render the prisoner's remedy *via* §2255 inadequate or ineffective.  And *Martin* demonstrates the importance of the second component (*i.e.*, how an intervening Supreme Court case interpreting the statute under which the prisoner was convicted) can make the prisoner's conduct not criminal.  319 F.3d at 805 (The claim of actual innocence of criminal conduct must be based on a Supreme Court decision involving statutory interpretation" which was "decided after the defendant filed his first Section 2255 motion".)

Because Petitioner Thompson has not met the two requirements for use of the savings clause of §2255, he cannot pursue the instant claims challenging the interpretation of the

---

[1] *See also United States v. Ryan*, 227 F.3d 1058 (8th Cir. 2000) (*Bousley v. United States*, 523 U.S. 614, 620 (1998) teaches that when the Supreme Court narrows the interpretation of a criminal statute enacted by Congress, that interpretation may be applied retroactively to §2255 motions for post-conviction relief); and *United States v. Barnhardt*, 93 F.3d 706, 709 (10th Cir. 1996) ("a petitioner collaterally attacking his conviction should be given the benefit of case law decided after his conviction when the conviction was for an act that the law does not make criminal," citing *Davis v. United States*, 417 U.S. 333 (1974)).

financial aspect of his Judgment in this Court under §2241 to obtain release.  Nor can he sidestep the prior approval mechanism for bringing a second or successive §2255 motion by asking this Court to transfer the petition in order to place this claim before the trial court.  He may bring this claim to the trial court by filing a §2255 motion, but only after obtaining  authorization by the appropriate court of appeals, as provided in 28 U.S.C. §2244(b)(3)(A).

CONCLUSION

For the foregoing reasons, the Court will dismiss this §2241 petition for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. §1915(e)(2)(B)(ii).  Accordingly, it is **ORDERED** as follows:

(1)    Petitioner Thompson's §2241 petition for habeas corpus herein [Record No. 2] is **DENIED** and this action is **DISMISSED**, *sua sponte*, for failure to state a claim upon which this Court may grant relief.

(2)    Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

(3)    In addition to copies of the instant Memorandum Opinion and Order and Judgment, the Clerk of the Court shall also send to the Petitioner a copy of the first page of his petition [Record No. 2], showing the date on which it was file-stamped, as requested in the cover letter accompanying his petition.

This 28th day of February, 2007.



Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**