UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| KEVIN K. THOMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 6: 07-66-DCR |
| V. | ) | |
| | ) | |
| JEFF GRONDOLSKY, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**** **** **** ****

This matter is before the Court for consideration of the post-Judgment motions [Record Nos.

5-6] of the Petitioner, a federal prisoner incarcerated within the Eastern District of Kentucky.

In the underlying petition, Petitioner Thompson claimed that he had overpaid a fine imposed

by the Court at the end of his criminal prosecution in the United States District Court for the

Western District of Kentucky.  Although he thought at the time that the amount was correct

(based upon the U.S. Attorney's calculation of what was due), he later decided that he had

overpaid.  Upon administrative inquiry, his custodian, the Bureau of Prisons, has now agreed

with him that he made a $5,737.70 overpayment.  Since the overpayment occurred after

Petitioner's unsuccessful §2255 motion to the trial court, however, he purportedly had no

way to raise the matter with that court.  Therefore, Petitioner came to this Court under §2241,

seeking relief from the criminal judgment on the ground that it was so ambiguous as to be

voidable.

-1-

On February 28, 2007, this Court issued a Memorandum Opinion and Order denying

Thompson's petition and entered Judgment against him.  The Court found that the Petitioner

had failed to state a valid §2241 claim, as he was challenging the criminal judgment of

another district court without meeting the requisites for this Court to decide the matter (*i.e.*,

that a motion to the trial court was inadequate or ineffective to test the legality of his

detention).

In the Order denying Thompson's petition, the Court outlined the statutory requirements of

28 U.S.C. §2255 as they have been  interpreted in *Charles v. Chandler*, 180 F.3d 753, 758

(6th Cir. 1999); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); and *Martin v.*

*Perez*, 319 F.3d 799 (6th Cir. 2003), and explained how the Petitioner had failed to meet

them.  The Court also pointed out that, notwithstanding this fact, the Petitioner may obtain

payment of the overage administratively and may bring a challenge to his criminal judgment

via a second §2255, after obtaining proper authorization from the Sixth Circuit.

The Petitioner has now moved the Court under Rule 59 of the Federal Rules of Civil

Procedure to set aside or amend this Court's decision.  He insists, on the one hand, that all he

requested originally was that this Court transfer the matter to the Western District of

Kentucky so that the trial can "correct" its own judgment.  On the other hand, Thompson

argues alternatively that this Court is the correct one to grant relief from the Judgment under

§2241, because he is incarcerated in this district and his complaint concerns execution of his

sentence.  He cites cases from the Ninth and Tenth Circuits which presumably support this

position.  On the heels of his Rule 59 motion, the Petitioner also submitted a motion to

amend that motion to correct errors which he had made in the citations on page  3.

DISCUSSION

The law is well-settled that there are only three grounds for a court to amend its Judgment:

(1) to accommodate an intervening change in controlling laws; (2) to account for new

evidence not available previously; and (3) to correct a clear error of law or to prevent

manifest injustice.  *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing

*Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  A Rule 59 motion is not an

opportunity to reargue a case.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146

F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978

F.2d 10, 16 (1st Cir. 1992)).  Rule 59 motions must either present newly discovered evidence

or a clearly established manifest error of law.  *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.

1986).  The instant Petitioner has presented neither.

The Court finds that Petitioner Thompson has presented no reason for the Court to alter or

amend its Judgment.  In fact, his cited cases do not support his claims.  To the contrary, in

*Bradshaw v. Story*, 86 F.3d 164 (10th Cir. 1996), the appellate court agreed that the petitioner

could not use §2241 because he, like Thompson, had failed to demonstrate that his remedy by

a §2255 motion was inadequate or ineffective to challenge his detention.

Nothing presented by the Petitioner persuades the Court that its findings or ultimate

Judgment were in error or that amendment is necessary to correct a clear error of law or to

prevent manifest injustice.  Accordingly, it is hereby

**ORDERED** as follows:

(1)The Petitioner's motion to amend his Rule 59 motion [Record No. 6] is **GRANTED**.  The

Court has substituted page 3 attached to Record No. 6 for the page 3 in Record No. 5 in its

consideration of the merits of the Petitioner's motion to alter or amend the judgment

previously entered herein; and

(2)Petitioner's motion to alter or amend the judgment [Record No. 5] is **DENIED**.

This 20th day of March, 2007.

**Signed By:**

*Danny C. Reeves*  DCR

**United States District Judge**